MEIER STEINBRINK, Appellant, *v.* W. BERNARD VAUSE and Others, Respondents.

Second Department, January 25, 1918.

Corporations — dissolution — agreement by stockholder to pay certain sum from his distributive share upon dissolution of corporation — suit to foreclose deed, executed under such contract, as a mortgage.

In a suit to foreclose a deed as a mortgage, it appeared that the conveyance was made to assure the obligation of one C. under a tripartite contract executed between him, three other stockholders and the plaintiff; that the maximum amount of money receivable thereunder was $6,500, which was to accrue from a fund arising from C.'s distributive share upon the dissolution of the corporation in which he had a controlling holding; that the assets out of which the fund should arise were not limited to personal property, but included the corporation's real estate; that C. being also a creditor of the company, stipulated in the agreement that he would " not assert or enforce any claim   *   *   *   until after the payment of the $6,500; " that on the same day C. and one Y. made another agreement which recited that C. had assigned to Y. claims against the corporation and had obligated himself to pay the $6,500, and thereupon C. and Y. agreed that the assigned claim should be enforced only against the real property of the corporation " and. that even in the latter event the proceeds of the enforcement of such sale, whether in cash or represented by real estate or other property " shall be held by V. and the plaintiff " until such time as the $6,500 above mentioned shall have been paid in accordance with the terms of the agreement referred to; " that upon the dissolution of the corporation C.'s distributive share from the sale of the personal property being insufficient to pay the $6,500, the real estate instead of being sold was conveyed by the corporation to one S. in payment of a debt which the corporation at one time owed C., but which had been assigned by him to Y., and also to indemnify the the corporation against other liabilities, and was by S. conveyed to plaintiff and V.

*Held*, that under the agreements the payment of the $6,500 was to be preferred and paid from the sale of all the assets on dissolution, and that if the real estate should be otherwise applied to C.'s claim, the plaintiff and V. should hold the resultant property until the $6,500 should be paid; that, therefore, unless the balance of said amount be paid with interest and costs, the real estate should be sold to satisfy said balance and the remainder paid to plaintiff's grantor or his assigns.

APPEAL by the plaintiff, Meier Steinbrink, from a judgment of the Supreme Court in favor of the defendants, entered in

the office of the clerk of the county of Kings on the 22d day of January, 1917, dismissing the complaint on the merits upon the decision of the court after a trial at the Kings County Special Term.

*Robert H. Wilson* [*Meier Steinbrink* with him on the brief], for the appellant.

*Walter E. Warner*, for the respondent Yeomans.

THOMAS, J.:

The plaintiff and the defendant Vause are the grantees in an unrecorded deed dated and acknowledged February 29, 1916, and executed by Walter R. Shepperd. Neither grantee asserts absolute title, and the plaintiff declares that it is a mortgage to secure to plaintiff and others the payment of a balance of money. The defendant Vause does not affirm or deny. The only question is whether there is something due, for all contending parties assert that the conveyance was made to assure the obligation of Herbert Cooper under a tripartite contract dated December 9, 1915, executed between him, three persons named Kirkham, and plaintiff. The maximum amount of money receivable under the contract was $6,500, but it was to accrue from a fund arising from Cooper's distributive share to stockholders upon the dissolution of the Cooper Diamond Company, in which he had a controlling holding, aside from the 451 shares bought of the Kirkhams under the agreement. Such distributive share from the sale of the company's personal property on dissolution of the corporation amounted to $4,245.42, which was paid to plaintiff and the Kirkhams, and, as respondent contends, discharged Cooper's obligation. The assets out of which the fund should arise were not limited to personal property, but included the company's real estate of the value of $36,000, subject to a mortgage under foreclosure for $17,500, and also interest and taxes amounting to no more than $2,500. There was, then, from such source, an additional sum of some $20,000 in the distribution of which Cooper, owning 3,002 of 3,725 outstanding shares of stock, would be entitled to participate, and which thereupon would become applicable to the payment of any unpaid balance of the $6,500. It appears,

however, that Cooper was a creditor of the company for a large sum, which, if enforced against the assets, would leave unpaid some part of the $6,500, and Cooper stipulated in the agreement that he would " not assert or enforce any claim * * * until after the payment of the $6,500." But instead of selling such real estate, it was conveyed by the company to Shepperd and by him to plaintiff and Vause. Why that was done appears plainly. It was conveyed to Shepperd in payment of a debt which the company at one time owed Cooper, but assigned by him to Yeomans, and also a debt for a relatively small amount due from the company to Mrs. Yeomans, and to indemnify the company against some other liabilities. Cooper and Yeomans were privy to that arrangement, and, unless the rights under the agreement with plaintiff and the Kirkhams were conserved, it would have been a fraud to divert from distribution upon dissolution of the company such principal and valuable asset. But Cooper and Yeomans were entirely honorable in the acquisition of the real estate. It was proposed to insert in the agreement with plaintiff and the Kirkhams permission to Cooper to assert and to enforce his claim against the real estate of the company, but that, even in that event, the proceeds of the sale, " whether in cash or represented by real estate or other property, shall be held by W. Bernard Vause and Meier Steinbrink until such time as the $6,500 herein provided for, has been paid." But such provision, withheld finally from that agreement, was incorporated concurrently in time and occasion in an agreement between Cooper and Yeomans of which the parties to the other agreement were cognizant. For, on the same 9th day of December, 1915, when plaintiff and the Kirkhams made their agreement with Cooper, the latter and Yeomans made another agreement, which recited that Cooper had assigned to Yeomans claims against the company, and that Cooper had " obligated himself to pay the sum of sixty-five hundred ($6,500) dollars to the persons named in said agreement, from the proceeds of certain stock therein mentioned," and thereupon Cooper and Yeomans agreed that the assigned claim should be enforced only against the real property of the company, " and that even in the latter event, the proceeds of the enforcement of such sale, whether

in cash or represented by real estate, or other property, shall be held by W. Bernard Vause, Esq., and Meier Steinbrink, Esq., until such time as the $6,500 above mentioned shall have been paid in accordance with the terms of the agreement referred to; immediately upon which payment being made, the proceeds of the sale of the real estate, or so much remaining thereof, shall immediately be transferred or paid over to the party of the first part or the lawful owner thereof." The two agreements were executed at the same date at the plaintiff's office, and were parts of the same transaction, and made for the purpose of effecting the same result, namely: the conservation of the assets of the company, personal and real, for the purpose of meeting the payment of $6,500. The company authorized the conveyance on December 16, 1915, with Cooper present and presiding, the attorney for the company, presumably Vause, participating, and the plaintiff offering the resolution for the conveyance. On January 27, 1916, Yeomans accepted the proposition of the company and released accordingly, and directed the conveyance to be made to Shepperd; and it was done by deed of the same date. The record shows that Cooper is receiving, in whole or in part, the rents from the tenants of the land. The respondent's position is that the real estate could be withdrawn from the assets and plaintiff and the Kirkhams limited to the proceeds from the personalty, and that the conveyance of the real estate was merely to assure that. However, the agreement clearly shows that the $6,500 payment was to be preferred, and met from the sale of all assets on dissolution, or, if the real estate were otherwise applied to Cooper's claim, that plaintiff and Vause should hold the resultant property until the $6,500 should be paid, and that all concerned arranged for that, and made contracts and deeds in concert or in sequence for that end. Each and all of the parties were in accord, and commendable means were adopted to carry out the plan. It should not be defeated in a court of equity. The plaintiff and Vause are in possession of the title to what must be deemed a fund for the payment of the $6,500, and it is necessary that the land should be sold for distribution to the parties entitled.

The judgment should be reversed, and judgment entered (1) that Vause and plaintiff forthwith cause the deed held

by them to be recorded; (2) that unless the balance of the $6,500, with interest and costs of this action in this court and in the court below, be paid within thirty days after the service of notice of judgment on the respondent's attorney, the land be sold in accordance with the practice on foreclosure of mortgages, and that out of the proceeds of sale such payments should be made; (3) that upon the payment of the amount due plaintiff with interest and costs as directed, plaintiff and Vause convey the land to the grantor from whom they received it, or, in case it shall have been sold under the judgment herein, that there shall be paid to such person or his assigns any residue after making payment to the plaintiff as above directed. Findings of fact 7 to 14, and conclusions of law 1 to 4, all inclusive, are reversed, and findings will be made in accordance with this opinion.

MILLS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment reversed, and judgment entered in accordance with opinion. Findings of fact numbered 7 to 14, and conclusions numbered 1 to 4, all inclusive, reversed, and findings to be made in accordance with said opinion. Order to be settled before Mr. Justice THOMAS.